UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON HALL, | : | CIVIL ACTION NO. 3:CV-03-2407 |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS HOGAN, Warden, et al., | : | |
| | : | |
| Defendants | : | |

## **ORDER**

Aaron Hall ("Hall"), an inmate presently confined in the State Correctional

Institution, Houtzdale, Pennsylvania, filed this civil rights action pursuant to 42

U.S.C. §1983.  His complaint centers around an incident which occurred on

November 8, 2002, while he was confined in the York County Prison, York,

Pennsylvania.   Plaintiff claims to have injured himself when he slipped on water that

had accumulated on the floor of the cell in which he was housed.  Named as

Defendants are the following York County Prison employees:  Thomas Hogan,

Warden, Roger Thomas, Deputy Warden; Dennis Bowen, Deputy Warden; Beata

Erni, Complaint Supervisor; Ron Eaton, Maintenance Department; Fred Wilson,

Brian Fisher, Mark Imig, Unknown Corrections Officer a/k/a "Mario"; Missy Weber,

Nurse; Unknown Maintenance Employee a/k/a "Jerry", Unknown Corrections officer

and the York County Prison.  By Order dated July 1, 2004, Defendant Weber's motion

to dismiss was granted and she was dismissed from the action.  (See Doc. 28).

Presently pending before the Court is the remaining Defendants' motion for summary

judgment.  (Doc. 31).  This motion is fully briefed and is ripe for disposition.

Defendants assert entitlement to the entry of summary judgment in their favor

because Hall failed to exhaust available administrative remedies.  For the reasons set

forth below, the motion will be granted.

## I.   **Statement of Facts**

From the pleadings, declarations and exhibits submitted therewith, the

following facts can be ascertained as undisputed.[1]  The Plaintiff was confined in the

York County Prison from August 1, 2002 until February 27, 2003, when he was

---

1. In support of their motion for summary judgment, Defendants submitted a
statement of material facts, along with supporting affidavits and documentation.  (See
Doc. 33).  Hall did not submit a statement of material facts, or any affidavits,
declarations under penalty of perjury or other appropriate evidentiary materials
contravening the Defendants' submission.  It is clear that a plaintiff opposing a
motion for summary judgment cannot rely on the mere allegations set forth in his
complaint.  Hall was specifically advised by the Standard Practice Order issued in this
case that he could not rest upon the mere allegations of his complaint, but was
required to set forth, by way of affidavits or other appropriate evidentiary materials,
specific facts showing that there is a genuine issue for trial.

transferred to the State Correctional Institution, Camp Hill, Pennsylvania. Upon entry into the prison, Plaintiff was provided with a copy of the York County Prison Inmate Handbook, which describes in detail the Complaint Review System and the grievance procedure.  During his confinement, Hall filed two grievances, one on August 7, 2002, requesting a change in diet, and one on January 28, 2003, complaining about not being permitted to sleep on a bottom bunk.  The Plaintiff did not appeal the denial of these grievances.

On November 8, 2002, while exiting his bunk, Plaintiff slipped on water that was covering the floor as a result of a leak in the cell sink.  Plaintiff was taken to the medical department, where he was seen by a doctor, x-rays were taken, and pain medication was prescribed.  Plaintiff did not file a grievance regarding this incident.

On December 29, 2003, Plaintiff filed the instant action in which he alleges that defendants "exercised deliberate indifference to [his] health and safety and welfare by failing to protect him from the hazardous and unsafe conditions known to them, even though they had been promptly informed of the dangerous and unsafe conditions in the housing."  (Doc. 1 at p. 11).  For relief, Plaintiff seeks compensatory and punitive damages.

## II.   **Standard of Review**

3

Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment " . . . forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party.

4

Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail

Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric

Company, 862 F.2d 56, 59 (3d Cir. 1988).  In order to avoid summary judgment,

however, the nonmoving party may not rest on the unsubstantiated allegations of his

or her pleadings.  When the party seeking summary judgment satisfies its burden

under Rule 56(c) of identifying evidence which demonstrates the absence of a

genuine issue of material fact, the nonmoving party is required by Rule 56(e)[2] to go

---

2.  Hall was provided with copies of M.D. Pa. Local Rules 7.1 through 7.8, Local Rule
26.10, and Federal Rule of Civil Procedure 56(e).  In relevant part, Rule 56(e) states:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleading, but the adverse
> party's response, by affidavits or as otherwise provided in this rule, must
> set forth specific facts showing that there is a genuine issue for trial.  If
> the adverse party does not so respond, summary judgment, if appropriate,
> shall be entered against the adverse party.

Local Rule 7.4 provides in relevant part:

> All material facts set forth in the statement required
> to be served by the moving party will be deemed to be
> admitted unless controverted by the statement required
> to be served by the opposing party.

(See Doc. 5, Standing Practice Order).

5

beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986).  The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).  When Rule 56(e) shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case for which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.  See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

## III.   Discussion

Defendants contend that Hall's failure to exhaust available administrative remedies entitles them to an entry of summary judgment in their favor.  In pertinent part, the Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

6

42 U.S.C. § 1997e(a).

Exhaustion requires completion of the entire administrative process.  Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843-44 (E.D. Pa. 2000).  If a prisoner fails to follow the  required administrative procedures, including meeting deadlines, the inmate's action cannot be maintained.  See Buckner v. Bussanich, No. 1:CV-00-1594, slip op. at 6 (M.D. Pa. April 3, 2001) (Caldwell, J.)("an administrative remedy is not made unavailable simply because a prisoner failed to timely exercise his rights under the procedure.  Otherwise, the prisoner could avoid the exhaustion requirement simply by refusing to pursue administrative remedies").

The York County Prison has a comprehensive administrative grievance procedure which provides for an administrative review of institutional grievances. (See Doc. 33, copy attached).  The inmate complaint review system (CRS) or "801" is intended as a formal and objective review of complaints by residents at the York County Prison in order to remedy specific situations and help identify procedural problem areas at the institution.  Id..  Inmates who are transferred to another institution or released from the York County Prison may file a grievance in writing by addressing a letter to the Deputy Warden of Treatment, York County Prison, 3400 Concord Road, York, Pennsylvania 17401.  Id.

7

Inmate complaints are to be in writing, submitted on a standardized "801" form and directed to the complaint supervisor.  The complaint supervisor shall then conduct an investigation into the complaint and shall provide a form to all staff members or other individuals mentioned in the complaint so that they may report their involvement with the complainant.  Staff members are to respond to the complaint supervisor within forty-eight (48) hours of receipt of the form.  The complaint supervisor will thereafter issue a report and recommendation ("802"), which shall be delivered to the Deputy Warden for Treatment, with copies to the complainant and all staff members mentioned in the complaint.  If no objection is timely filed, the report and recommendation will be implemented.  An inmate who is dissatisfied with the recommendation of the complaint supervisor may file an objection , ("804"), with the Deputy Warden for Treatment within five (5) days after the issuance of the complaint supervisor's report.  Id.

Upon receipt of an objection, the Deputy Warden shall issue a decision.  An inmate shall receive a response ("805"), from the Deputy Warden within ten (10) working days from the receipt of the appeal.  If a prisoner disagrees with the decision of the Deputy Warden, he may obtain a "Request for Solicitor Review" form ("806") from the Deputy Warden so that an appeal may be submitted to the county solicitor

8

for his review.  The solicitor will review the 806 and prepare a response to the inmate.
The county solicitor may recommend a review of the grievance by the Complaint
Review Board.  If the inmate is not satisfied with the solicitor's review of his case or
the decision of the Complaint Review Board he has the final right to review by the
York County Prison Board.  Id.  The grievance procedures further provide that the
grievance system "shall not be exhausted" within the meaning of state and federal
law, unless all reviews and appeals are timely taken and denied.  Id.

The burden of demonstrating exhaustion rests with the plaintiff.  See Nyhuis v.
Reno, 204 F.3d 65, 67 (3d Cir. 2000).  A review of the record reveals that Plaintiff
has failed to demonstrate that he has exhausted his claims.  There is nothing in the
record to suggest that Plaintiff filed, or attempted to file, a grievance regarding the
November 8, 2002 incident, while confined at the York County Prison.  In an attempt
to refute this, Plaintiff submits, as exhibits in support of his brief in opposition, three
separate letters.  The first letter, dated March 10, 2003, is addressed to Beata Erni,
Complaint Supervisor.  The second letter, dated May 5, 2003, is addressed to Thomas
Hogan, Warden, and the last letter, dated September 7, 2003, is addressed to "Warden
and/or Acting Warden: Grievance Coordinator."  (Doc. 51, Exs. A-C).  Each letter,
written after Plaintiff's transfer to SCI-Camp Hill, references the November 8, 2002

9

incident, and indicates Plaintiff's intention of filing a civil action should he not

receive a response.  Such  notification, however, is not proper exhaustion.

Pursuant to the Complaint Review System at York County Prison, an inmate

wishing to grieve a complaint after he has been transferred to another institution from

the York County Prison may file a grievance in writing by addressing a letter to the

Deputy Warden of Treatment, York County Prison, 3400 Concord Road, York,

Pennsylvania 17401.  Plaintiff did not do this.  However, to the extent that Plaintiff

had submitted a grievance to the appropriate official and did not receive a response,

the procedure contemplates several tiers of review and the grievance review system is

not exhausted when an inmate files a grievance and then takes no other action

through established channels if a grievance is not resolved to his satisfaction.

Plaintiff's next step would have been to appeal the Deputy Warden's decision, or lack

of one, to the county solicitor, the Complaint Review Board and then file a final

appeal to the York County Prison Board.  Plaintiff offers no evidence of this.  Such

failure to exhaust is fatal to Plaintiff's claim.  Thus, the Court finds Plaintiff's attempt

to argue that he was prevented from exhausting his remedies, completely without

merit, since Plaintiff's own submissions do not cross the threshold of the "more than a

mere scintilla of evidence" standard needed to defeat a motion for summary

judgment.   This standard, as set forth in  <u>Anderson,</u> 477 U.S. 242, 248  (1986), must

be met in order to put material facts in dispute.

Prisoners must exhaust administrative remedies as to any claim that arises in

the prison setting, regardless of any limitations on the kind of relief that may be

gained through a grievance process.  <u>See</u> <u>Porter v. Nussle</u>, 534 U.S.516, 523

(2002)("we hold that the PLRA's exhaustion requirement applies to all inmate suits

about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong."); <u>Booth v. Churner</u>,

121 S.Ct. 1819, 1825 n.6 (2001)("we hold...that Congress has provided in § 1997e(a)

that an inmate must exhaust [administrative remedies] irrespective of the forms of

relief sought and offered through administrative avenues.).  Thus, prisoners are

required to exhaust administrative remedies prior to seeking relief pursuant to § 1983

or any other federal law.  The Third Circuit Court of Appeals has concluded that "it is

beyond the power of this court...to excuse compliance with the exhaustion

requirement."  <u>Nyhuis v. Reno</u>, 204 F.3d 65, 73 (3d Cir. 2000).  Consequently,

Defendants' motion for summary judgment will be granted.

AND NOW, THEREFORE, THIS 5th DAY OF JULY 2005, IT IS HEREBY

ORDERED THAT:

1.    Defendants' motion for summary judgment (Doc. 31) is
       GRANTED.  Judgment is hereby entered in favor of
       Defendants and against the Plaintiff.

2.    The Clerk of Court is directed to CLOSE this case.

3.    Any appeal taken from this order will be deemed frivolous,
       without probable cause, and not taken in good faith.


                                        s/ William J. Nealon
                                        **United States District Judge**